**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sherri Ann KAETHER, Defendant–**
**Appellant.**

**No. 04–10396.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 12, 2005.

Floyd Clardy, U.S. Attorney's Office,
Dallas, TX, for Plaintiff–Appellee.

Peter Michael Fleury, Assistant Federal
Public Defender, Federal Public Defender's Office, Fort Worth, TX, for Defendant–Appellant.

Before JOLLY, HIGGINBOTHAM, and
WEINER, Circuit Judges.

*ON REMAND FROM THE SUPREME*
*COURT OF THE UNITED*
*STATES*

PER CURIAM: [*]

We previously affirmed the district
court's upward departure in sentencing
Sherri Ann Kaether for unlawful possession of stolen mail. While petition for *certiorari* with the Supreme Court was
pending in this case, the Supreme Court
decided *United States v. Booker.*[1] It subsequently granted Kaether's petition for
certiorari and vacated and remanded for
reconsideration in light of *Booker.*

As the Government concedes, there was
*Booker* error here because the district
court enhanced Kaether's sentence based
on facts, other than a prior conviction,
neither alleged in the indictment and proven to a jury nor admitted by Kaether.
However, because Kaether concedes that
she did not preserve this error, she must
show that the error was plain.[2] And she
concedes that she cannot meet this burden
because she cannot show that the district
court would have sentenced her less harshly had it known the Sentencing Guidelines
were not mandatory.[3] We decline her invitation to revisit our precedent rejecting
her arguments that plain error review
should not apply[4] and that *Booker's* remedial holding cannot be applied to her retroactively.[5]

Kaether's sentence is AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d
621 (2005).

[2] *See United States v. Akpan,* 407 F.3d 360,
375–76 (5th Cir.2005).

[3] *See United States v. Mares,* 402 F.3d 511,
522 (5th Cir.2005).

[4] *See id.*

[5] *See United States v. Scroggins,* 411 F.3d 572,
575–77 (5th Cir.2005).